# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN MILLER,

       Plaintiff,

  vs.

ASSET ACCEPTANCE, LLC, et. al.

      Defendants.

Case No. 12-15441-AC-LJM

Hon. Avern Cohn

## DEFENDANT ASSET ACCEPTANCE, LLC'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. Rule 56, Defendant Asset Acceptance, LLC ('Asset') moves for summary judgment with respect to the Complaint of John Miller ("Plaintiff").  In support of its motion, Asset relies on the accompanying brief and exhibits.  Asset's counsel discussed this Motion with the Court and Plaintiff's counsel at the scheduling conference on February 28, 2013.  The Court entered an order allowing Asset to file this Motion within thirty (30) days of February 28, 2013.

In accordance with E.D. Mich. LR 7.1(a), on March 27, 2013, Asset's counsel explained the nature of the motion and its legal basis to Plaintiff's counsel.  Counsel for Asset requested, but did not obtain, concurrence in the relief sought.

Asset respectfully requests that this Court grants its Motion, dismiss Plaintiff's Complaint with prejudice and award Asset such other relief as the Court deems necessary or appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:/s/ Samantha L. Walls
Robert M. Horwitz (P51466)
Samantha L. Walls (P75727)
Attorneys for Defendant
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
rhorwitz@dykema.com
swalls@dykema.com

March 28, 2013

2

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MILLER,

        Plaintiff,

   vs.

ASSET ACCEPTANCE, LLC, et. al.

        Defendants.

Case No. 12-15441-AC-LJM

Hon. Avern Cohn

**BRIEF IN SUPPORT OF DEFENDANT ASSET ACCEPTANCE, LLC'S**
**MOTION FOR SUMMARY JUDGMENT**

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE, SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF ISSUES PRESENTED............................................................ iv

STATEMENT OF CONTROLLING AUTHORITY ............................................v

I. INTRODUCTION .............................................................................................1

II. STATEMENT OF FACTS ...............................................................................1

III. LEGAL STANDARD......................................................................................2

IV. ARGUMENT...................................................................................................2

    A. Plaintiff Cannot Rely On Calls Made Before December 8, 2011 Because They Are Barred By The FDCPA's One-Year Statute Of Limitations .......2

    B. Asset Did Not Call Plaintiff After December 8, 2011 ..................................3

V. CONCLUSION..................................................................................................3

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF AUTHORITIES

**Page**

**Cases**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242, 251-52 (1986) ..................................................................2

Care To Live v. Food & Drug Admin.,
   631 F.3d 336, 340 (6th Cir. 2011) ..........................................................2

Hirsch v. CSX Transp., Inc.,
   656 F.3d 359, 362 (6th Cir. 2011) ..........................................................2

Pittman v. Cuyahoga County Dep't of Children Servs.,
   640 F.3d 716, 723 (6th Cir. 2011) ..........................................................2

Pluck v. BP Oil Pipeline Co.,
   640 F.3d 671,676 (6th Cir. 2011) ...........................................................2

Purnell v. Arrow Fin. Servs.,LLC,
   303 F.App'x 297, 300 (6th Cir. 2008..........................................................2

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................2

Fed. R. Civ. P. 56(c) ...................................................................................v

Fed. R. Civ. P. 56(c)(1)...............................................................................2

**Statutes**

15 U.S.C. § 1692...........................................................................................1

15 U.S.C. § 1692d(5) .....................................................................................3

15 U.S.C. § 1692k(d) ................................................................................1, 2

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE, SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF ISSUES PRESENTED

1.  Is Asset entitled to summary judgment where Asset's business records establish that it did call Plaintiff within one year of the filing of this lawsuit.

2.  Is Asset entitled to summary judgment where Plaintiff's remaining allegations concern calls made more than a year before Plaintiff this lawsuit and are thus are barred by one-year statute of limitations in the FDCPA.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF CONTROLLING AUTHORITY

Asset relies on Fed. R. Civ. P. 56(c), and the facts and law cited to in its Brief in Support.

I.     **INTRODUCTION**

This case concerns a typical Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), claim that Asset "caus[ed] Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff." *See*, D/E #1, Complaint.  There is a one-year statute of limitations in the FDCPA.  FDCPA claims must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  Plaintiff supports his claim with allegations that Asset called more than a year before he filed this case on December 8, 2011.  Those allegations are time-barred by the one-year statute of limitations in the FDCPA.

Plaintiff's remaining allegation that Asset called up to four times a day through January 8, 2012 has no basis in fact.  Asset's regularly kept business records confirm that Asset has not called Plaintiff since December 8, 2011.  Because it is undisputed that Asset did not call Plaintiff after December 8, 2011, no material facts remain regarding whether Asset could have violated the FDCPA and Asset is entitled to summary judgment and Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

II.    **STATEMENT OF FACTS**

Asset Acceptance, LLC purchases charged-off accounts from credit originators and other sellers. *See*, Declaration of Kenneth Proctor, attached as **Ex. 1**, at ¶ 2.  Asset owns a delinquent account for which Plaintiff is responsible, account number 20381148 (the "Account"). *Id.*, at ¶ 5.  Asset made its last call to Plaintiff on December 8, 2011. *Id.*, at ¶¶ 7, 10.  That last call was made to telephone number 614.836.3071. *Id.*

Plaintiff filed this action on December 11, 2012, alleging violations of the FDCPA.  Specifically, Plaintiff alleges that Asset "call[ed] Mr. Miller up to 4 times per day through January 8, 2012." Complaint, ¶ 6.

1

## III. LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Care To Live v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). The court must draw all justifiable inferences in favor of the party opposing the motion. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). However, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). A mere scintilla of evidence is insufficient; there must be evidence on which a jury could reasonably find for the non-movant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011). For the reasons set forth below, Asset is entitled to summary judgment and Plaintiff's claims should be dismissed.

## IV. ARGUMENT

### A. Plaintiff Cannot Rely On Calls Made Before December 8, 2011 Because They Are Barred By The FDCPA's One-Year Statute Of Limitations

Actions to enforce liability arising from an FDCPA violation must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As explained by the Sixth Circuit, "[t]he focus is on when the violation occurred." *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 300 (6th Cir. 2008).

2

Plaintiff improperly supports his FDCPA claim with events that occurred over one year before he filed this lawsuit. For example, Plaintiff references calls he allegedly received from Asset between November 7 and December 8, 2011. Complaint, ¶ 6. The FDCPA required Plaintiff to file his FDCPA claims concerning those alleged calls no later than December 8, 2012. Plaintiff waited until December 11, 2012 to file this lawsuit. Plaintiff thus waited too long to litigate claims over those calls. Asset is entitled to summary judgment on any claims Plaintiff supports using events occurring before December 11, 2012.

**B.      Asset Did Not Call Plaintiff After December 8, 2011**

Recognizing his pre-December 11, 2011 allegations are time barred, Plaintiff alleges Asset call[ed] [him] up to 4 times per day through January 8, 2012." Complaint, ¶ 6. Plaintiff claims those calls violated 15 U.S.C. § 1692d(5) because Asset caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass. Unlike the pre-December 11, 2011 calls, if these calls were made, they would at least be timely under the FDCPA. The calls were not made, however. Asset made its last call to Plaintiff on December 8, **2011. Ex 1**, Proctor Declaration, ¶¶ 7, 10. Asset's business records confirm that last call and that no others were made after it. *Id.* Because Asset made no telephone calls to Plaintiff after December 8, 2011, it could not have violated the FDCPA and summary judgment is appropriate.

**V.      CONCLUSION**

For these reasons, Asset respectfully requests that this Court enter an order granting its Motion for Summary Judgment, dismissing Plaintiff's Complaint with prejudice, and granting any other such relief deemed appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:/s/ Samantha L. Walls
Robert M. Horwitz (P51466)
Samantha L. Walls (P75727)
Attorneys for Defendant
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
rhorwitz@dykema.com

March 28, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notice to all attorneys of record.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:/s/ Samantha L. Walls
Robert M. Horwitz (P51466)
Samantha L. Walls (P75727)
Attorneys for Defendant
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
rhorwitz@dykema.com
swalls@dykema.com

4

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN MILLER,

      Plaintiff,

    vs.

ASSET ACCEPTANCE, LLC, et. al.

      Defendants.

Case No. 12-15441-AC-LJM

Hon. Avern Cohn

---

**DEFENDANT ASSET ACCEPTANCE LLC'S STATEMENT OF UNDISPUTED FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

    Defendant Asset Acceptance, LLC ("Asset"), through its attorneys Dykema Gossett

PLLC and pursuant to Judge Cohn's Practice Guidelines, submits the following Statement of

Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. Plaintiff filed this lawsuit on December 11, 2012. (D/E 1, Complaint.)

2. Plaintiff claims that Asset contacted him at his home telephone number (614.836.3071) in an attempt to collect a debt (D/E 1, Complaint ¶ 5). Plaintiff claims that "Asset call[ed] [him] up to 4 times per day through January 8, 2012." (D/E 1, Complaint ¶ 6.) Plaintiff claims that the calls were repeated and harassing, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692d(5) (D/E 1, Complaint ¶¶ 6, 7).

3. Jurisdiction is proper under 15 U.S.C. 1692k(d) and 28 U.S.C. 1331.

4. Venue is proper in this Court because Asset resides in this judicial district.

5. Asset filed its answer to the Complaint on February 8, 2013. In its Answer, Asset denied calling Plaintiff within the one year period before Plaintiff filed this lawsuit (Answer, ¶ 6)

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

and raised the FDCPA's one year statute of limitations (15 U.S.C. 1692k(d)) as an

affirmative defense.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:/s/ Samantha L. Walls
Robert M. Horwitz (P51466)
Samantha L. Walls (P75727)
Attorneys for Defendant
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
rhorwitz@dykema.com

March 28, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Samantha L. Walls
Samantha L. Walls
DYKEMA GOSSETT, PLLC
Attorneys for Defendant

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MILLER,

        Plaintiff,

    vs.

ASSET ACCEPTANCE, LLC, et. al.

        Defendants.

Case No. 12-15441-AC-LJM

Hon. Avern Cohn

---

## DECLARATION OF KENNETH PROCTOR

    I, KENNETH PROCTOR, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

    1.    I am familiar with and competent to attest to the matters contained in this Declaration and the statements set forth in it are based on my personal knowledge or the business records of the defendant, Asset Acceptance, LLC ("Asset"). If sworn as a witness in this matter, I could testify competently to the statements contained in this Declaration.

    2.    Asset Acceptance, LLC purchases charged-off accounts from credit originators and other sellers.

    3.    I am the Litigation Manager for Asset. I work in Asset's Office of General Counsel.

    4.    Between 1998 and 2009 I was employed in various capacities at Asset, specializing in compliance and training issues. I was the Manager Training and Compliance between December 1998 and October 2002; Assistant Vice-President Training and Compliance between November 2002 and February 2005; Vice President Training and Compliance between

1

March 2005 and August 2007; and Director-Compliance between August 2007 and October 2009. I am thus very familiar with the manner in which Asset creates, keeps and interprets its business records, including those documenting outbound calls.

5.     Asset owns a delinquent account for which Plaintiff is responsible, account number 20381148 (the "Account").

6.     Attached as **Exhibit A** are the Asset collection notes of the Account printed from the COGENT account system. The notes reflect the action taken by Asset Acceptance and was recorded into the COGENT system simultaneous with or shortly after the action taken on the Account. It is a regular practice for Asset Acceptance to make these types of entries in the account database so Asset has a history of its actions on the account at issue.

7.     For example, on December 8, 2011, the Cogent notes reflect that Asset made its last call on the Account to telephone number 614.836.3071.

8.     On January 9, 2012 at 6:00 p.m., the Cogent notes reflect that Plaintiff's counsel called Asset to notify Asset that he represented the Plaintiff and no more contact should be made with Plaintiff. Asset's account representative documented this call in the Cogent notes on January 9, 2012 and, at 6:04 p.m. on January 9, proceeded to code the 614.836.3071 as a "Do Not Call Number".

9.     In November 2012, Asset received a letter from Plaintiff's counsel in which he threatened to file suit against Asset for violating the Fair Debt Collection Practices Act ("FDCPA") A copy of that letter is attached as **Exhibit B** to this Declaration. Plaintiff claimed Asset violated the FDCPA by calling 614.836.3071 too often.

10.     Asset did not call Plaintiff after December 8, 2011. The account notes attached as **Exhibit A** confirm no calls to Plaintiff after that date. In addition, Asset conducted a search of

2

its business records to locate all calls made to 614.836.3071 after December 8, 2011.  The results

of that search confirm Asset placed no calls to 614.836.3071 after December 8, 2011.

Executed on:  February 5, 2013

KENNETH PROCTOR

3

**EXHIBIT 1-A**

# Claim Summary

File Number: 20381148                                      Date: January 28, 2013

**General:**

| | | | |
|---|---|---|---|
| Client: | FIRST ENERGY | Coll Status: | |
| Client Ref#: | 3738 | Legal Status: | |
| Creditor: | FIRST ENERGY - OHIO EDISON | Placed: | 12/28/2004 6:00:00 AM (2952) |
| Creditor Ref#: | 3738 | SOL: | |
| Opened: | | Charge-Off: | |
| Last Payment: | $0.00 | Last Contact: | |
| Last Payment Date: | | Int Rate: | |

**Debtor:**    **JOHN D MILLER**

| Mailing: | Other Address: | Employers: |
|---|---|---|
| | | |
| | | Attorney:<br>FRIA REYES<br>888-308-1119  Ext. 11 |

**Balance:**

**Comments:**

| Date | User | Code | Comment |
|---|---|---|---|
| 1/14/2013 12:15 PM | | | |
| 1/14/2013 12:10 PM | | | |
| 12/1/2012 5:33 AM | | | |
| 11/21/2012 9:09 AM | | | |
| 11/21/2012 9:09 AM | | | |
| 11/21/2012 9:09 AM | | | |
| 11/21/2012 9:09 AM | | | |
| 11/20/2012 10:11 AM | | | |

| Date/Time | User | Code | Description |
|---|---|---|---|
| 11/20/2012 10:11 AM | | | |
| 11/19/2012 8:41 PM | | | |
| 11/19/2012 8:35 PM | | | |
| 11/19/2012 10:08 AM | | | |
| 11/19/2012 10:06 AM | | | |
| 11/19/2012 10:05 AM | | | |
| 11/19/2012 10:05 AM | | | |
| 11/19/2012 10:05 AM | | | |
| 11/19/2012 10:05 AM | | | |
| 11/19/2012 10:05 AM | | | |
| 11/17/2012 1:38 PM | | | |
| 11/16/2012 8:50 PM | | | |
| 11/16/2012 8:44 PM | | | |
| 11/16/2012 8:31 PM | | | |
| 10/24/2012 7:59 AM | | | |
| 10/24/2012 7:59 AM | | | |
| 3/2/2012 10:55 AM | | | |
| 2/4/2012 1:13 PM | | | |
| 1/9/2012 6:06 PM | Savio Pinto | *AVB | Debtor address verified as Bad |
| 1/9/2012 6:05 PM | Savio Pinto | +DATY | Debtor attorney added |
| 1/9/2012 6:04 PM | Savio Pinto | +DNC | Debtor Phone flagged as Do Not Call; Number <614-836-3071>; Name <JOHN D MILLER> |
| 1/9/2012 6:04 PM | Savio Pinto | +DNC | Debtor Phone flagged as Do Not Call; Number <614-836-0710>; Name <JOHN D MILLER> |
| 1/9/2012 6:04 PM | Savio Pinto | +DNC | Debtor Phone flagged as Do Not Call; Number <419-289-6642>; Name <JOHN D MILLER> |
| 1/9/2012 6:04 PM | Savio Pinto | +DNC | Debtor Phone flagged as Do Not Call; Number <614-289-6642>; Name <JOHN D MILLER> |
| 1/9/2012 6:04 PM | Savio Pinto | *PVB | Debtor phone verified as Bad; Number <614-836-3071>; Name <JOHN D MILLER> |
| 1/9/2012 6:00 PM | Savio Pinto | IBTP | Inbound Third Party GVE IBOPNG ATTORNEY CALLED IN SO DINT SPEAK WID HIM ABT THE A/C GVE HIM FAX NUMBER AS PER HIS REQUEST  - Scheduled: ARCIBTP - Inbound third party for 1/9/2012 5:58 PM |
| 12/19/2011 6:38 PM | Cogent Administrator | *CSTA | Updated Collection Status |
| 12/19/2011 6:17 AM | Unassigned User | *DOTH | Hit from TransUnion Contact Locator Address 1: 410 BENSON DR, City: GROVEPORT, State: OH, Postal Code: 431251393 Debtor Other Address Updated |
| 12/8/2011 9:43 AM | Unassigned User | DLNA | 12/08/11 9:29:17 AM | Phone: 6148363071 Type: Home | Predictive | Pool: 2402 | Dialer - No Answer |
| 12/7/2011 12:59 PM | | | |

| |
|---|
| 12/7/2011 9:56 AM |
| 12/6/2011 9:53 AM |
| 12/5/2011 12:39 PM |
| 12/5/2011 9:41 AM |
| 12/3/2011 10:05 AM |
| 12/2/2011 12:42 PM |
| 12/2/2011 9:53 AM |
| 12/1/2011 12:40 PM |
| 12/1/2011 9:42 AM |
| 11/30/2011 9:38 AM |
| 11/29/2011 6:39 PM |
| 11/29/2011 9:24 AM |
| 11/28/2011 6:06 PM |
| 11/28/2011 1:54 PM |
| 11/28/2011 10:55 AM |
| 11/26/2011 11:21 AM |
| 11/23/2011 10:43 AM |
| 11/22/2011 9:54 AM |
| 11/21/2011 9:25 AM |
| 11/19/2011 8:05 PM |
| 11/19/2011 6:05 PM |
| 11/17/2011 7:20 PM |
| 11/17/2011 4:36 PM |
| 11/17/2011 2:01 PM |
| 11/17/2011 10:47 AM |
| 11/16/2011 6:53 PM |
| 11/16/2011 3:57 PM |
| 11/16/2011 12:51 PM |
| 11/16/2011 9:53 AM |
| 11/15/2011 1:57 PM |
| 11/15/2011 10:58 AM |
| 11/14/2011 8:06 PM |

| |
|---|
| 11/14/2011 6:08 PM |
| 11/14/2011 2:08 PM |
| 11/14/2011 11:08 AM |
| 11/11/2011 2:38 PM |
| 11/11/2011 11:36 AM |
| 11/10/2011 10:52 AM |
| 11/9/2011 7:37 PM |
| 11/9/2011 12:09 PM |
| 11/8/2011 10:52 AM |
| 11/7/2011 6:50 PM |
| 11/5/2011 3:35 PM |
| 11/5/2011 12:36 PM |
| 11/5/2011 9:36 AM |
| 11/4/2011 1:22 PM |
| 11/4/2011 10:23 AM |
| 11/3/2011 12:51 PM |
| 11/3/2011 9:51 AM |
| 11/2/2011 7:51 PM |
| 11/2/2011 9:22 AM |
| 11/1/2011 2:08 PM |
| 10/31/2011 12:23 PM |
| 10/31/2011 10:14 AM |
| 10/29/2011 5:05 PM |
| 10/29/2011 4:59 PM |
| 10/28/2011 7:21 PM |
| 10/28/2011 3:07 PM |
| 10/27/2011 8:06 PM |
| 10/27/2011 3:15 PM |
| 10/26/2011 1:53 PM |
| 10/26/2011 1:33 PM |
| 10/25/2011 2:51 PM |
| 10/25/2011 1:38 PM |

| |
|---|
| 10/24/2011 4:06 PM |
| 10/20/2011 5:51 PM |
| 10/20/2011 4:51 PM |
| 10/19/2011 8:51 AM |
| 10/18/2011 5:52 PM |
| 10/18/2011 5:41 PM |
| 10/18/2011 4:51 PM |
| 10/17/2011 8:20 AM |
| 10/17/2011 8:05 AM |
| 10/12/2011 6:51 PM |
| 10/12/2011 6:40 PM |
| 10/12/2011 5:51 PM |
| 10/11/2011 8:54 AM |
| 10/10/2011 4:51 PM |
| 10/10/2011 8:52 AM |
| 10/8/2011 3:50 PM |
| 10/7/2011 10:52 AM |
| 10/6/2011 12:53 PM |
| 10/6/2011 2:21 PM |
| 10/5/2011 11:21 AM |
| 10/3/2011 12:35 PM |
| 10/1/2011 2:36 AM |
| 3/31/2011 9:08 PM |
| 3/31/2011 3:18 PM |
| 3/30/2011 10:35 PM |
| 3/30/2011 2:03 PM |
| 3/30/2011 12:51 AM |
| 3/29/2011 8:10 PM |

| |
|---|
| 3/29/2011 6:35 PM |
| 3/28/2011 8:28 PM |
| 3/28/2011 7:42 PM |
| 3/25/2011 11:51 PM |
| 3/24/2011 10:59 PM |
| 3/22/2011 6:26 PM |
| 3/22/2011 12:44 PM |
| 3/18/2011 2:02 PM |
| 3/17/2011 1:07 PM |
| 3/17/2011 12:54 PM |
| 3/16/2011 1:06 PM |
| 3/14/2011 1:21 PM |
| 3/11/2011 4:54 PM |
| 3/10/2011 9:39 PM |
| 3/9/2011 7:53 PM |
| 3/9/2011 11:51 AM |
| 3/7/2011 3:50 PM |
| 3/7/2011 12:24 PM |
| 3/3/2011 6:08 AM |
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

12/20/2010 4:16 AM

| |
|---|
| 12/20/2010 4:16 AM |
| 12/20/2010 4:16 AM |
| 12/15/2010 7:10 PM |
| 12/15/2010 7:10 PM |
| 12/15/2010 7:09 PM |
| 10/29/2010 10:48 AM |
| 10/29/2010 10:48 AM |
| 10/21/2010 5:06 PM |
| 10/21/2010 5:06 PM |
| 10/19/2010 6:17 AM |
| 10/19/2010 6:17 AM |
| 9/28/2010 1:19 PM |
| 9/28/2010 1:19 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 7/22/2010 5:49 PM |
| 6/25/2010 6:16 PM |
| 6/25/2010 6:16 PM |
| 6/18/2010 2:06 PM |
| 6/18/2010 2:06 PM |
| 5/27/2010 4:48 PM |
| 5/27/2010 4:48 PM |
| 5/27/2010 4:48 PM |
| 5/27/2010 4:48 PM |
| 5/17/2010 6:35 AM |

| |
|---|
| 5/17/2010 6:35 AM |
| 5/17/2010 6:35 AM |
| 5/17/2010 6:35 AM |
| 5/17/2010 6:35 AM |
| 5/17/2010 6:35 AM |
| 5/13/2010 8:49 AM |
| 5/13/2010 8:49 AM |
| 5/5/2010 6:49 PM |
| 5/5/2010 6:49 PM |
| 5/5/2010 6:49 PM |
| 5/5/2010 6:49 PM |
| 5/5/2010 6:49 PM |
| 5/5/2010 6:48 PM |
| 5/5/2010 6:48 PM |
| 5/5/2010 6:48 PM |
| 5/3/2010 5:28 PM |
| 5/3/2010 5:28 PM |
| 4/28/2010 8:39 AM |
| 4/28/2010 8:39 AM |
| 4/21/2010 12:14 PM |
| 4/21/2010 12:14 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/13/2010 6:22 PM |
| 4/7/2010 9:18 AM |
| 4/7/2010 9:18 AM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |
| 3/30/2010 12:00 PM |

| |
|---|
| 3/30/2010 11:59 AM |
| 3/30/2010 11:59 AM |
| 3/30/2010 11:59 AM |
| 3/23/2010 5:16 PM |
| 3/23/2010 5:16 PM |
| 3/18/2010 10:45 AM |
| 3/18/2010 10:45 AM |
| 3/18/2010 10:45 AM |
| 3/18/2010 10:45 AM |
| 3/18/2010 10:45 AM |
| 3/18/2010 10:45 AM |
| 7/20/2009 6:04 PM |
| 7/20/2009 6:04 PM |
| 7/20/2009 6:04 PM |
| 7/18/2009 12:34 PM |
| 7/18/2009 12:34 PM |
| 7/18/2009 12:34 PM |
| 7/18/2009 12:34 PM |
| 7/18/2009 12:34 PM |
| 7/18/2009 12:34 PM |
| 6/19/2009 8:59 AM |
| 6/19/2009 8:59 AM |
| 6/19/2009 4:38 AM |
| 6/19/2009 4:38 AM |
| 6/15/2009 3:17 AM |
| 6/15/2009 3:17 AM |
| 6/15/2009 3:17 AM |
| 6/12/2009 3:44 AM |
| 6/12/2009 3:44 AM |
| 9/16/2008 12:06 PM |
| 9/16/2008 12:05 PM |
| 9/16/2008 12:05 PM |
| 12/30/2004 1:53 PM |
| 12/30/2004 1:53 PM |
| 12/28/2004 3:43 PM |
| 12/28/2004 3:43 PM |
| 12/28/2004 3:43 PM |

**EXHIBIT 1-B**

2 6381148

# CENTENNIAL LAW OFFICES
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119
(888)535-8267 fax

**Response required by November 25, 2012**

*(Page 1 of 3)*

**November 9, 2011**

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2036

C.C.
BORNMAN, YOLANDA                          Asset Acceptance, LLC
(Asset Acceptance, LLC)                    28405 VAN DYKE AVE
2840 S. FALKENBURG ROAD                    WARREN, MI 48093
RIVERVIEW FL 33569

Re: Calls made to John Miller at (614)836-3071.

To Whom It May Concern,

    I represent John Miller with regards to a Fair Debt Collection Practices Act violation committed by Asset Acceptance. Asset Acceptance, LLC had been calling Mr. Miller in an attempt to collect on debt allegedly owed by Mr. Miller.

    Asset Acceptance began calling Mr. Miller in August of 2011.

    In a direct violation of 15 USC 1692d, Asset Acceptance placed a grossly excessive number of calls to Mr. Miller. Accept Acceptance called Mr. Miller 42-times between November 7 and December 8, 2011 alone. The incoming calls revealed a caller-ID of (301)223-0096. A portion of Mr. Miller's phone record is attached for your reference.

    On January 9, 2012 I contacted Asset Acceptance to terminate the calls.

    The relevant sections of the Fair Debt Collection Practices Act are provided below. Liability for violations of 15 USC 1692 provide for actual damages, statutory damages up to $1,000, and attorney's fees. Mr. Miller has incurred $1,155.00 in legal fees to date. Please contact me at the number provided below by November 25 as I'm sure Asset Acceptance is willing to resolve this matter amicably and adopt procedures to avoid these types of violations in the future.

A failure to respond by November 25 will be construed as Asset Acceptance, Inc. having no intention of resolving this matter. A lawsuit will be filed in U.S. District Court. Any settlement after the lawsuit is filed will necessarily include the $350.00 filing fee and an additional $1,100.00 in attorney's fees. This letter is a good faith effort to mitigate continuing legal fees for which Asset Acceptance, Inc. is liable under 15 USC 1692(k)3.

Sincerely,

Robert Amador, Esq.
(888)308-1119 ext. 11

Calls received from (301) 223-0096:
11/07/11   6:37 pm;
11/08/11   10:35 am;
11/09/11   11:55 am,  7:28 pm;
11/10/11   10:35 am;
11/11/11   11:16 am,  2:17 pm;
11/14/11   10:56 am,  1:57 pm,  4:57 pm,  7:58 pm;
11/15/11   10:35 am,  1:36 pm;
11/16/11   9:29 am,  12:30 pm,  3:30 pm,  6:31 pm;
11/17/11   9:58 am,  12:59 pm,  4:00 pm,  7:00 pm;
11/19/11   4:51 pm,  7:51 pm;
11/21/11   9:13 am;
11/22/11   9:38 am;
11/23/11   10:20 am;
11/26/11   11:13 am;
11/28/11   10:43 am,  1:43 pm,  4:44 pm;
11/29/11   9:14 am,  6:22 pm;
11/30/11   9:19 am;

12/01/11   9:25 am;
12/02/11   9:26 am,  12:27 pm;
12/03/11   9:56 am;
12/05/11   9:17 am,  12:17 am;
12/06/11   9:30 am;
12/07/11   9:34 am,  12:35 pm;
12/08/11   9:29 am.

Sec. 1692d. Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *Without limiting* the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Sec. 1692k. Civil liability

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
(1) any actual damage sustained by such person as a result of such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

**CENTENNIAL LAW OFFICES**
9452 Telephone Rd. 156 ◆ Ventura, CA. 93004

SANTA BARBARA CA 935

Asset Acceptance, LLC)
28405 VAN DYKE AVE
WARREN MI 48093

