UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MILLER,

      Plaintiff,

v.                                        Case No. 12-15441

ASSET ACCEPTANCE, LLC, et al.,           HON. AVERN COHN

      Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 9)
## AND
## DISMISSING CASE

### I. Introduction

      This is a consumer right case.  Plaintiff John Miller is suing defendant Asset Acceptance, LLC and others[1] claiming that defendant engaged in unlawful debt collection practices.  Plaintiff's claim arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.

      Before the Court is defendant's motion for summary judgment on the grounds that the complaint is barred by the one year statute of limitations.  Defendant says that the evidence shows the last time defendant contacted plaintiff was more than one year before plaintiff filed the complaint.  The Court agrees.  Accordingly, defendant's motion will be granted.

---

[1]The complaint names "Doe 1-5."  The Does have not been identified.  Therefore the Court considers Asset Acceptance, LLC as the sole defendant.

## II.  Background

Defendant is a debt collection agency.  This case concerns a consumer debt owed by plaintiff.  Defendant owns the account and engaged in collection activity, which consisted of calling plaintiff's home telephone number.  Plaintiff alleges that defendant called his home telephone number repeatedly, up to four times a day "through January 8, 2012."  Plaintiff alleges that defendant's actions violate 15 U.S.C. § 1692d(5) because the calls were made with intent to annoy, abuse, or harass.

## III.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly

2

address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

IV.  Analysis

Defendant argues that plaintiff's claim is barred by the one year statute of limitations under the FDCPA.  15 U.S.C. § 1692k(d) provides:

An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction within one year from the date on which the violation occurs.

As noted above, plaintiff filed the complaint on December 11, 2012.  Thus, the question

3

is whether defendant engaged in any allegedly prohibited conduct **on or after**

**December 11, 2011.**  Defendant says the evidence shows that the last call defendant

placed to plaintiff's home telephone number was on **December 8, 2011**.  Plaintiff filed

suit on December 11, 2012.  Thus, defendant says plaintiff's claim is time barred.

To support its contention that defendant did not engage in any prohibited activity

within the statute of limitations, defendant submits its business record for plaintiff's

account which is reflected in a document entitled Claim Summary.  From what can be

gleaned,[2] the last outbound call placed to plaintiff's home telephone number was on

December 8, 2011.  The Claim Summary shows activity after that date, but that activity

does not show that defendant contacted plaintiff.  Indeed, there is an inbound call (to

defendant) on January 8, 2011 apparently from someone identifying themself as

counsel for plaintiff.  Defendant also submits the declaration (signed but not notarized)

of Kenneth Proctor, a Litigation Manager for defendant.  He states that the Claim

Summary (which he calls "collection notes") show that the last call defendant placed to

plaintiff was on December 8, 2011.  Proctor also states that defendant conducted a

review of its business records to locate all calls to plaintiff's home telephone number

after December 8, 2011.  No such calls were found.

Defendant has also submitted a copy of demand letter it received from plaintiff's

counsel, dated November 9, 2011.  The letter states in relevant part:

> In a direct violation of 15 USC 1692d, Asset Acceptance placed a grossly
> excessive number of calls to Mr. Miller.  Asset Acceptance called Mr. Miller 42-
> times between November 7 and December 8, 2011 alone.  The incoming calls

---

[2]Portions of the business record, defendant's Exhibit 1-A, are redacted.

revealed a caller-ID of [Defendant's number].  A portion of Mr. Miller's phone records is attached for your reference.

Defendant's Exhibit 1-B.  Attached to the letter, and also a part of the record, is what purports to be a call log from plaintiff's home telephone number.  It too shows the last incoming call from defendant as December 8, 2011.

Against this evidence, plaintiff's attempt to refute that defendant did not call him after December 8, 2011 fails.  First, plaintiff relies on his call log and the demand letter sent **before** December 8, 2011 in support of his claim that defendant made calls **after** December 8, 2011.  From this, plaintiff concludes that the "the reasonable inference is that Defendant was calling Plaintiff approximately daily until Plaintiff's counsel terminated the calls on January 9, 2012."  Plaintiff's Response, p. 6.  This conclusion is not sufficient to meet his burden under Rule 56.  Plaintiff's call log and the demand letter confirm what defendant has admitted– that it last called plaintiff on December 8, 2011.  The issue is not whether defendant called plaintiff before December 8, 2011, but whether defendant called plaintiff within one year before he filed the complaint on December 11, 2012.

Plaintiff, however, submits a declaration (signed, not notarized) in which he states that defendant "continued to call [Plaintiff] up to 4 times per day through January 8, 2012."  Response, Ex. 1.  This statement does not carry the day for plaintiff.  First, plaintiff created a call log detailing the precise dates and times of the calls defendant made to him which runs from November 7, 2011 through December 8, 2011.  His statement runs contrary to the call log.  Other than plaintiff's unsupported statement

5

there is no evidence to support that defendant made any calls to him after December 8, 2011.  Moreover, there are no call logs, phone records, tape recordings or pictures of his phone with defendant's name or number on it.  Plaintiff has failed to produce specific evidence to counter defendant's evidence.  AS such, he has not met his summary judgment burden to show the existence of a genuine issue of material fact.

The Court faced a similar issue in Toma v. General Revenue Corp., No. 07-13018, 2008 WL 302378 (E.D. Mich. Feb. 1, 2008).  In Toma, the Court held that plaintiff's FDCPA claim was time barred based on defendant's internal call logs concerning plaintiff's account and finding that plaintiff's affidavits, in which she stated that defendant had called her home multiple times within the preceding year were insufficient . In granting defendant's motion for summary judgment, the Court held that "neither affidavit is specific as to when the alleged phone calls took place.  The affidavits contain precisely the type of self-serving statement which are directly refuted by [defendant's] detailed records.  This is insufficient to create a genuine issue of material fact.."  Id. at *3.

While plaintiff says that the affidavits in Toma were less specific than his affidavit, the same result obtains here.  Defendant's evidence confirms that it made no calls to plaintiff after December 8, 2011.  Plaintiff's bare bones affidavit with the naked assertion that calls were made until January 9, 2012 is insufficient to meet plaintiff's summary judgment burden.

Plaintiff, however, contends that defendant's evidence is nothing more than a denial of plaintiff's "well plead and timely allegations."  (Response at p. 7).  This

6

argument misses the mark.  Defendant filed a motion for summary judgment, not a motion to dismiss.  Therefore, plaintiff had to do more than just rely on allegations to defeat defendant's motion.

While at the hearing on defendant's motion, plaintiff's counsel raised the issue of discovery, the record does not reveal that plaintiff requested any specific discovery.  To the contrary, plaintiff's response to defendant's motion makes no mention of a need for additional discovery in order to present essential facts to justify its opposition or otherwise properly respond to the motion.  <u>See</u> Fed. R. Civ. P. 56(d).

As a final argument, plaintiff cites the "continuing violation theory."  Such reliance is misplaced.  The statute of limitations even a continuing violation theory begins to run when the last act in the continuing pattern of alleged violations occurred.  There still must be an actionable act **within the statute of limitations**.  The record does not show an actionable call within one year of December 11, 2012.  Thus, the continuing violation theory does not apply.

## V.  Conclusion

For the reasons stated above, defendant's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.


 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2013

12-15441 Miller v. Asset Acceptance, LLC, et al

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 24, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160